IN MANDAMUS ON OBJECTIONS TO THE MAGISTRATE'S DECISION
Relator, Michael Kitts, has filed this original action seeking a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying him compensation for temporary total disability, and to issue an order granting such compensation.
This matter was referred to a court-appointed magistrate, pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth Appellate District. The magistrate has rendered a decision, based upon findings of fact and conclusions of law, and has recommended that the requested writ of mandamus be denied. The relator has filed objections to the magistrate's decision, generally arguing the same matters previously raised in relator's brief. However, there is a different argument raised as to the magistrate's interpretation of the company policy that is germane to the issues in this case. For reasons hereinafter stated, the objections of relator will be overruled.
The general issue in this case surrounds the termination of employment of relator resulting from his violation of company policy regarding drug testing. Upon relator becoming employed with respondent-employer, he signed a document relating to drug testing which stated the following:
 I understand that Manpower will require a drug screen test whenever an on the job accident or injury is reported. I understand that if I fail any drug test, delay in taking any test, refuse the drug test or tamper with the drug test in any way that I will be terminated immediately.
The document further states:
 I hereby authorize and give full permission to have Mancan, Inc. DBA Manpower Temporary Service and/or their medical company physician send a specimen of my urine and/or blood to a laboratory for a screening test using S.A.M.H.S.A. standards for the presence of illegal drugs, alcohol, or prescription medication taken without a prescription.
* * *
 This policy and authorization has been explained to me in a language I understand and I have been told if I have any questions they will be answered about the test. I understand this is a legal binding document.
The relator subsequently received a copy of the Employer's Employment Policies, and at paragraph ten the following language appeared:
 I understand that if I fail to pass the drug screening test that I will be terminated immediately. I also understand that I must comply [with] a substance abuse test upon claim to an injury or accident, and that failure to submit to this test will result in immediate termination. I also realize that any customer of Manpower's may require me to submit to a substance abuse test as a condition of working on their premises.
Relator was injured on December 10, 1997, and the next day, when appearing at the employer's office to submit a report, he refused to undergo drug testing. Relator signed a release regarding medical records but refused to sign the acknowledgement or agreement that if he refused to take a test or had a positive result, not only would he be discharged but the employer would decline to certify his workers' compensation claim.
Relator's claim was allowed for spinal strains and concussion, but the district hearing officer found no compensable lost time, thereby denying temporary total disability compensation. Relator appealed and a staff hearing officer denied his appeal, principally relying upon the case of Louisiana-PacificCorp., v. Indus. Comm. (1995), 72 Ohio St.3d 401.
As accurately postured by the magistrate, a discharge from employment is not generally considered a "voluntary event." A termination of employment may be viewed as voluntary when the worker is discharged for a violation of company policy with knowledge that his conduct could result in discharge. In theLouisiana-Pacific Corp. case, supra, the court stated that a discharge can constitute a voluntary relinquishment of employment when the worker violated a written rule or policy: where the rule or policy (1) clearly defines the prohibitive conduct; (2) identified the violation as a dischargable offense; and (3) was known to the worker or should have been known to him.
While relator argues that the employer added conditions to the statement of company policy after the fact or actually added language that would have been detrimental to the employee's efforts to secure allowance of his workers' compensation claim, the fact remains and the record reveals that relator directly violated express policy relating to drug testing. Even if the additional language could be viewed as imposing an unfair provision or a provision not legally enforceable under the Workers' Compensation Act, the policy relating to drug testing and the consequence of it is entirely lawful and enforceable. In this respect, the magistrate was correct in concluding that the commission was within its discretion to determine that relator knew and accepted the terms of his employment from the beginning and by refusing to submit to drug testing, faced the consequences of the known policy of the employer. Additionally, we believe that the magistrate was correct in concluding that the issue of eligibility for temporary total disability compensation depended upon whether the relator's termination of employment resulted from a violation of a known work rule and not whether the employer had attempted to obtain additional terms of employment when the worker was faced with a violation of the basic requirement of submitting to drug testing. While relator's right to seek workers' compensation would not have been impaired by signing the form, the refusal to test, in direct violation of the known policy, created a situation where the employer was justified in terminating relator's employment. Thus, we do not find merit in the objections raised by relator from the standpoint that additional terms of the agreement relating to workers' compensation, impaired the basic policy to which relator had earlier agreed regarding drug testing. For this reason and for reasons previously stated herein, relator's objections are overruled.
Following an independent review, pursuant to Civ.R. 53, we find that the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the decision of the magistrate as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, the requested writ of mandamus is denied.
Objections overruled; writ of mandamus denied.
BRYANT and KENNEDY, JJ., concur.